UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARTHUR BROWN and ANTTOWNE HAYE

                                    Plaintiffs,

             -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER KEVIN MORGAN, Shield # 29134, 79th Precinct, NEW YORK CITY POLICE OFFICER DARNELL HANNAH, Shield # 26720, 79th Precinct,

                                    Defendant(s).

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

CV 10-593 (FB)(RER)

      **WHEREAS,** plaintiffs Arthur Brown and Anttwone Haye commenced this action by filing a complaint on or about February 9, 2010 alleging violations of their federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff ARTHUR BROWN the sum of TWENTY THOUSAND ($20,000.00) DOLLARS and to pay plaintiff ANTTWONE HAYE the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorney fees in this action. In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against defendants City of New York, the New York City Police Department, Kevin Morgan and Darnell Hannah, and to release the defendants, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or

…
bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless the City of New York and defendants the New York City Police Department, Kevin Morgan and Darnell Hannah, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2012

Victor M. Brown, Esq.
*Attorney for Plaintiffs*
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373

By: _____
Victor M. Brown, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-0893

By: _____
Philip S. Frank
Assistant Corporation Counsel

SO ORDERED:

_____
FREDERIC BLOCK, U.S.D.J.

3